EDWARD G. FREDERICK, JR., TRUSTEE (ESTATE OF MARY F. ALLING) *vs.* ARTHUR D. ALLING ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued May 4th—decided July 16th, 1934.

*David E. FitzGerald, Jeremiah D. Shea* and *John Clark FitzGerald,* filed a brief for the plaintiff.

*George W. Crawford,* for the defendants Dwight J. Alling *et als.*

*William L. Hadden,* with whom, on the brief, was *Clarence A. Hadden,* for the named defendant.

AVERY, J. This reservation concerns the construction of the will of Mary F. Alling, late of New Haven, who died February 4th, 1927, the pertinent provisions of which are appended in the footnote. Her will was

"Second: I give to my husband, Asa D. Alling, of New Haven, Connecticut, the use of my house and lot as he wishes to use it after my decease while he lives, with household furniture and all my property as it is at my death, provided he, my husband, should outlive me.

"Third: I give to my grandson, Dwight J. Alling, of New Haven, Connecticut, all my mechanical tools, tool chest and typewriter, at my death and the death of my husband; provided he, Dwight J. Alling, should die before me, then I give the same tools, tool chest and typewriter to my grandson, Roger A. Alling, absolutely.

"Fourth: In the event that my husband should die before I do, then I give to my grandchildren, Lillie M. Alling and Esther F. Alling, both of New Haven, Connecticut, all my household furniture share and share alike, absolutely.

"Fifth: On the death of my husband, Asa D. Alling, I give and devise all the capital stock which I may own at the time of my death in the various corporations, or the proceeds thereof, to the Mechanics Bank of New Haven, Connecticut, in trust, however, for the following purposes: (a) To hold said stock and the proceeds thereof for a term of fifteen (15) years with accumulation of interest thereon, then I direct my trustee, after deducting his fees and expenses, to pay to each of the four grandchildren, personally who have arrived at the age of twenty-one years of age, one fourth of the remaining income each three months as it shall accrue after my death; those grandchildren who have not arrived at the age of twenty-one years of age, their share of one fourth shall be paid to their guardian or whoever shall have the care of said grandchildren who are not twenty-one years of age, for their support until they shall become twenty-one years of age. The children of a deceased grandchild, however, to take their parent's share. The four grandchildren are Dwight J. Alling, Lillie M. Alling, Esther F. Alling, and Roger A. Alling, all of New Haven, Connecticut. Provided one or more of the four grandchildren should not be living at the time they are to receive their share of the income from the trust, and have died unmarried, I then direct that the surviving grandchildren, share and share alike, both when they receive interest from the trust estate, and also when the trust estate is later divided among them, the

admitted to probate and the Mechanics Bank of New Haven was appointed and duly qualified as trustee of the trust created thereunder and took over the administration of the trust estate. On March 18th, 1932, the present plaintiff was appointed and qualified as successor trustee of the Mechanics Bank following the closing of that institution. The trust estate turned over to the plaintiff by the receiver of the bank consisted of first mortgage notes in the amount of $26,600 and bank deposits in the amount of $8216, totaling in all $34,816. From the commencement of the trust estate to the present time all income not required for debts and expenses of administration has been allowed to accumulate or to be reinvested. The Mechanics Bank, during its term as trustee, had gradually converted the bulk of the trust estate held by it into first mortgages prior to 1929. The gross income derived from the trust estate since the plaintiff assumed the rôle of trustee is $1557. The testatrix left surviving her a son, Arthur D. Alling, who was a beneficiary named in the will and one of the five defendants, and four grandchildren, Dwight J. Alling, Lillie M. Alling Gee, Esther F. Alling Banta, and Roger A. Alling, all children of her son, Arthur D. Alling. Her husband, Asa D. Alling, died before the testatrix.

The questions reserved for the advice of this court

children of a deceased grandchild, however, to take their parent's share.

"Sixth: I direct my said trustee, if it seems best, to sell or otherwise dispose of said stock and reinvest the proceeds, preferably in first mortgage notes on city property.

"Seventh: All the rest of my property not otherwise disposed of, I give to my surviving grandchildren share and share alike, absolutely.

"Eighth: I give to my son, Arthur D. Alling, at my death and the death of my husband, my house and lot, numbers 24 and 26 Irving Street, New Haven, Connecticut; he, Arthur D. Alling, to assume all incumbrance and assessments on the same."

arise out of the language of the fifth paragraph of the will in which the testatrix purports to create a trust of the capital stock owned by her at the time of her death. In the sixth paragraph, the trustee is empowered to dispose of the stock and reinvest the proceeds, preferably in first mortgage notes, all of which was done by the original trustee with the exception of certain proceeds which were placed on deposit in banks to await suitable opportunity for reinvestment. Although numerous questions are propounded in the reservation, they really resolve themselves into two: (1) Was a valid trust created under the fifth paragraph of the will; (2) if so, what interpretation should be given this paragraph in respect to the life of the trust, its vesting, the accumulation of interest, and the payment of income? In spite of the use of language commonly appearing in legal documents, the will in question is plainly the handiwork of someone unskilled in the law. In construing the document, therefore, care should be taken that too great emphasis be not placed upon the precise legal construction of language or phraseology. *Perry* v. *Bulkley*, 82 Conn. 158, 164, 72 Atl. 1014. The problem is to discover the intent of the testatrix as expressed in the instrument read in the light of circumstances surrounding her at the time it was made, and to give effect to that intent if expressed and not contrary to some principle of law. *Wolfe* v. *Hatheway*, 81 Conn. 181, 184, 70 Atl. 645; *Union & New Haven Trust Co.* v. *Ackerman*, 114 Conn. 152, 157, 158 Atl. 224.

The language of the opening sentence of the trust clause contained in paragraph five is as follows: "Fifth: On the death of my husband, Asa D. Alling, I give and devise all the capital stock which I may own at the time of my death in the various corporations, or the proceeds thereof, to the Mechanics Bank

of New Haven, Connecticut, in trust, however, for the following purposes: (a) To hold said stock and the proceeds thereof for a term of fifteen (15) years with accumulation of interest thereon, then I direct my trustee, after deducting his fees and expenses, to pay to each of the four grandchildren, personally who have arrived at the age of twenty-one years of age, one fourth of the remaining income each three months as it shall accrue after my death." If this sentence stood alone in the will, there would seem to be a possible conflict as to the time the payment of the net income to the beneficiaries is to begin, but when the circumstances of the testatrix at the time the will was made and the other provisions of the instrument are taken into consideration, this apparent conflict is removed. When the will was drawn, the testatrix had a husband, a son and four grandchildren. These she made the sole objects of her bounty. The grandchildren were made the principal beneficiaries of the estate; three of these were minors when the will was executed, the youngest then being eight years of age. If the payment of income was not to begin for fifteen years after the commencement of the trust, there would be no occasion for the remaining provisions, providing for the payment of income to those of her grandchildren who should be minors. Obviously, the testatrix would not have made provisions for the payment of income to her surviving grandchildren during the period of the trust if she had intended the trust to accumulate for fifteen years, because in that case there would be no surviving grandchildren who were minors, and the elaborate provisions for that contingency would have been useless. With the manifest object of postponing their control of their several shares until they had all reached such majority as might insure provident man-

agement, a trust was created holding their combined benefactions intact for fifteen years.

It is evident that when, in the fifth paragraph, the testatrix gave all the capital stock which she might own at the time of her death in the various corporations, or the proceeds thereof, to the Mechanics Bank as trustee, the term "capital stock" was used not in its strict sense; *Stamford Trust Co.* v. *Yale & Towne Mfg. Co.*, 83 Conn. 43, 49, 75 Atl. 90; *Smith* v. *Dana*, 77 Conn. 543, 552, 60 Atl. 117; but as meaning the shares in those corporations of which she was the owner. *United States* v. *New York, N. H. & H. R. Co.*, 265 Fed. 331, 338. When the trustee was directed to hold the stock and the proceeds thereof for a term of fifteen years with accumulation of interest thereon, the testatrix apparently had in mind that her husband, who was living when the will was made and who was given, by the second paragraph, the use of all her property during his lifetime, might not have expended the entire income received by him, and that if he had not done so the unexpended income would become a part of the principal of the trust fund, in which case, at his death, the testatrix intended that the stock received by him with any accumulations in his hands unexpended should go into the trust. In the use of the term "the proceeds thereof," she had reference to the sixth paragraph of her will wherein the trustee was empowered to sell her stock and reinvest the proceeds in first mortgages, and she wanted the proceeds of any such sales by the trustee to remain a part of the trust fund; and she may well have had in mind the possibility that her husband, during the period of his life tenancy, might sell some of the stock.

The word "then" appearing in this sentence presents some difficulty. In connection with the words

immediately preceding, it would seem to give support to the claim that the fund is to be accumulated for a period of fifteen years. A consideration of the will as a whole, however, makes it plain that the word is employed not as an adverb of time but in its conjunctive sense, with reference to the preceding provision of the paragraph creating the trust. *Hull* v. *Priest,* 72 Mass. (6 Gray) 18, 24; *Corse* v. *Chapman,* 153 N. Y. 466, 472, 47 N. E. 812, 813; *Porter* v. *Howe,* 173 Mass. 521, 528, 54 N. E. 255, 257; *Behrens* v. *Baumann,* 66 W. Va. 56, 61, 66 S. E. 5, 7, 27 L. R. A. (N. S.) 1092, 1094. We believe her intent in the use of the word "then" could be otherwise expressed by the word "also." By the paragraph, the testatrix intended that after the death of her husband, a trust would be set up consisting of the shares of stock which she might own at the time of her death or the proceeds thereof, if any of them had been sold, with any accumulation of unexpended income made by her husband during his life estate. That such is the construction of the paragraph appears especially from the succeeding part.

Meanwhile, and for the whole period, the net income was apportionable and payable, in equal shares, to each beneficiary or to his representative if he should die. During the minority of any beneficiary his share of this income was payable to his guardian. The intent of the testatrix being sufficiently expressed and contravening no rule of positive law, it follows that we have an enforceable trust. *DeLadson* v. *Crawford,* 93 Conn. 402, 410, 106 Atl. 326. The life tenant having died before the testatrix, the trust commenced upon the death of the testatrix. The income accruing from the trust fund, after deducting expenses, is to be divided equally among the testatrix's grandchildren; to such as are minors, to be paid to their legal guard-

ians for their support until they reach their majority; in case of the death of any of the beneficiaries during the period, the child or children of such deceased beneficiary to take the share of the income to which the beneficiary is entitled; in the event of the death of such beneficiary without child or children, the share of income to be divided among the remaining grandchildren of the testatrix. The interest accruing on the fund is not to accumulate beyond the time required for the periodic distribution to the beneficiaries, namely, every three months.

Our answer to the first question propounded is that the will established a valid trust, not conditioned upon the fund continuing in the form of capital stock and not affected by sales and reinvestments under paragraph sixth of the will; that the trust continues for fifteen years from the death of the testatrix and no longer; that during its continuance the income of the trust fund, after deducting the fees and expenses of the trustee, is to be divided and paid every three months in equal shares to the four grandchildren of the testatrix, except that if any is under the age of twenty-one years, the payments should be made to his or her guardian until he or she reaches that age, such payments to relate back to the death of the testatrix; and that if any of the grandchildren die unmarried before the time for distribution of the fund, the income is to be divided among the survivors; but if any die leaving children, then the income which the grandchild so dying would have received is to be paid to his or her children. To the second question we answer that the property passing under the provisions of paragraph seven of the will embraces all the property of the testatrix remaining after the payment of her debts and the expenses of administering the estate, except

the property given and bequeathed under paragraphs third, fourth, fifth and eighth.

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.