THE BRIDGEPORT-CITY TRUST COMPANY, TRUSTEE (UNDER WILL OF SARAH A. BEARDSLEY) *vs.* THE BRIDGEPORT HOSPITAL ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 2d—decided May 7th, 1935.

*Sanford Stoddard,* with whom, on the brief, was *Norman King Parsells,* for the defendants the Bridgeport Hospital and William H. Frazier.

*Samuel F. Beardsley,* for the defendant The United Congregational Church of Bridgeport, Inc.

*Johnson Stoddard,* for the plaintiff.

AVERY, J. This reservation involves the construction of the fourth paragraph of the will of Sarah A. Beardsley who died February 6th, 1920, a resident of Bridgeport, leaving a will dated June 3d, 1908, and nominating the Bridgeport Trust Company as her executor and trustee of several trusts therein created. The will was duly admitted to probate February 28th, 1920, and the executor therein named accepted the trust and qualified. On November 9th, 1929, the Bridgeport-City Trust Company was substituted as trustee, is now acting in that capacity, and has brought this action to obtain a construction of the fourth paragraph of the will. By this paragraph, the testatrix gave to the Trust Company, as trustee, the sum of $10,000 in trust to invest and pay the net income to her housekeeper, Mary E. Haugh, during her life, and after her decease to pay over the net income semi-annually to the First Congregational Church, "otherwise known as the North Church, an ecclesias-

tical society located in Bridgeport, Connecticut, for
the uses and purposes of said Society, but if said Soci-
ety shall at any time dissolve or shall abandon the
purpose for which it was created, then I direct my said
Trustee upon the happening of said event, to pay over
and deliver all of said trust fund or estate remaining
in its hands to the Bridgeport Trust Company as
named in paragraph fifteen of this will, as Trustee of
the fund therein created, the fund so paid over and de-
livered to said Trustee to be added to the principal of
the trust fund created by said paragraph fifteen, and
the net income thereof to be disposed of as provided
in said paragraph fifteen for the trust fund therein
created." Paragraph fifteen of the will gave to the
Trust Company, as trustee, her residuary estate to in-
vest and pay from the income "all the expenses and
charges for the care and maintenance of the premises
herein given, devised and bequeathed to William H.
Frazier and his wife in paragraph fourteen of this will,
including the taxes, water rent, insurance and repairs
so long as the said William H. Frazier and his wife, or
either of them, shall live, and to pay the remainder of
the net income during the life of said Frazier and his
wife, and after their decease, the whole of the net in-
come of said trust fund, semi-annually, to the Bridge-
port Hospital, of Bridgeport, a corporation by that
name located at Bridgeport, Connecticut, for the uses
and purposes of that corporation."

A codicil was added to the will August 21st, 1914; a
second, February 23d, 1916, and a third, February 3d,
1919; but none of these affected in any way the fourth
paragraph which is here in question. Paragraph fif-
teen was changed by a provision of the third codicil
but only by giving an annuity, during the term of her
life, to Mary E. Haugh. She died June 22d, 1934, and
Jane Frazier, wife of the defendant William H. Fra-

zier, died July 30th, 1922; so that the parties now interested in the disposition of the trust created under the fourth paragraph of the will are the Church, William H. Frazier, and The Bridgeport Hospital.

By an act approved May 8th, 1931 (21 Special Laws, 313), the First Congregational Ecclesiastical Society, sometimes known as the First Congregational Church in Bridgeport, the Second Congregational Ecclesiastical Society of Bridgeport, Connecticut, sometimes known as the Second Congregational Society, organized by special acts of the General Assembly, and the United Congregational Society of Bridgeport, Connecticut, an ecclesiastical corporation duly authorized and existing under the provisions of the General Statutes, were joined and united with the United Congregational Church of Bridgeport, Incorporated, an ecclesiastical corporation incorporated June 1st, 1923, under the provisions of the General Statutes, and duly organized and existing thereunder. By the provisions of the act, all the "powers, rights and franchises owned, possessed and enjoyed by said societies, or which said societies would, if continued into the future have acquired by purchase, rent or contract, by donations, legacies or devises, shall forthwith and subsequently as the occasion may be, vest in and become the property, powers, rights and franchises of The United Congregational Church of Bridgeport, Incorporated," upon the acceptance of the act by the three bodies in the manner prescribed therein; and the act further provided that the filing of a certificate of acceptance should operate to transfer their property to the new corporation and to "formally dissolve" the three constituent ecclesiastical corporations. On October 22d, 1931, The United Congregational Church of Bridgeport, Incorporated, caused a certificate to be filed with the Secretary of State and the town clerk as required

by the terms of the act to the effect that it had been accepted by the societies.

The questions propounded for the advice of this court are: (1) Has the First Congregational Church, the ecclesiastical society named in the fourth paragraph of the will, dissolved within the meaning in which the word is used in that paragraph? (2) Has it "abandoned the purpose for which it was created?" (3) Is the legal effect of the special act to vest in The United Congregational Church of Bridgeport, Incorporated, all the interest in the trust fund formerly held by the First Congregational Church? (4) Should the Bridgeport-City Trust Company, the plaintiff, continue to pay over the net income of the trust fund to The United Congregational Church of Bridgeport, Incorporated? or (5) Should the Trust Company pay over the trust funds in its hands to the defendants William H. Frazier and The Bridgeport Hospital under the provisions of paragraph fifteen of the will?

To answer these questions, the problem before us is to discover the intent of the testatrix as expressed in the instrument read in the light of the circumstances surrounding her at the time it was made, and to give effect to that intent if expressed and not contrary to some principle of law. *Wolfe* v. *Hatheway,* 81 Conn. 181, 184, 70 Atl. 645; *Union & New Haven Trust Co.* v. *Ackerman,* 114 Conn. 152, 157, 158 Atl. 224; *Frederick* v. *Alling,* 118 Conn. 602, 605, 174 Atl. 85. At the time of the testatrix's death, the corporate existence of the First Congregational Church, one of the beneficiaries of the trust created in the paragraph, was unchanged. Some years previously, however, in April, 1916, this corporation and the Second Congregational Ecclesiastical Society, another religious corporation of the same denomination located in Bridgeport, united their resources by common consent. They held all

their religious services jointly and expended their funds for the same religious and charitable uses and purposes. The joint enterprise was known as The United Congregational Church of Bridgeport, Incorporated, and several years after the death of the testatrix, a religious corporation was formed under the general law to carry on this work, the date of the incorporation being June 1st, 1923. The testatrix, from April 1st, 1916, until her death on February 6th, 1920, attended the joint religious services conducted by the two churches so far as her health would allow, and subscribed liberally to the joint religious undertaking entered into by them. It is significant in this connection that the last codicil of her will was dated February 5th, 1919, several years after the union of the resources of the two churches, at a time when the testatrix had full knowledge of what was being done, and yet she did not see fit to make any provision in the codicil affecting the paragraph of her will in question except to increase the provision made for her housekeeper, Mary E. Haugh, by the residuary paragraph of the will.

The trust in this instance is for the support of exercises of religion by a particular denomination. It is for a pious and charitable use, and this brings it within the class of trusts known to our law as "charitable trusts." "Trusts of this character concern philanthropy and charity, and affect the welfare of the individuals and of the community; as a consequence of their·public nature our law treats them, whether created by deed or will, upon a different or broader basis than gifts of a mere private nature. It favors them, and construes them with the utmost liberality, in order to carry out the charitable purposes of the donor." *First Congregational Soc.* v. *Bridgeport,* 99 Conn. 22, 30, 121 Atl. 77. By the terms of the special

act, the successor corporation has power to receive the funds and administer the trust so that the funds will be applied by the successor corporation to the same uses and purposes as contemplated by the testatrix.

In *Bridgeport Trust Co.* v. *Marsh,* 87 Conn. 384, 390, 397, 87 Atl. 865, the testator directed the payment from his residuary estate by his trustee of $10,000 to the Mount Herman School for Boys. At the time of the testator's death, it was a corporation organized under the laws of Massachusetts. By an act of that State, the "Northfield Schools" was incorporated and the Mount Herman Boys' School and the Northfield Seminary, an existing corporation, were authorized to convey all their property and assets to it. The act further provided that thereafter the "Northfield Schools" should, for all purposes, be the successor of the two corporations, and that all bequests and conveyances made to either of them should vest in the new corporation and the two pre-existing corporations should thereafter be dissolved. The new corporation had been formed before the death of the testator, and the property of the other two conveyed to it, and it was carrying on the work of the Mount Herman Boys' School in the same manner as the work had formerly been carried on, and under the same management. We held that it was proper for the trustee to make the payment directed to be made to the Mount Herman Boys' School to the corporation known as the "Northfield Schools." In *Hartford National Bank & Trust Co.* v. *Oak Bluffs First Baptist Church,* 116 Conn. 347, 356, 164 Atl. 910, the testator created a trust fund, the income to be expended for the benefit of the Sunday school library of the Baptist Church of Oak Bluffs. This church ceased to hold separate services, and its members attended the Methodist Episcopal Church

and the library purchased from the income of the fund was deposited with the latter church. The will contained a provision that upon the "failure" of any bequest, it should go to certain named beneficiaries. We held that there had been no "failure" of a bequest within the meaning of the will and that the expenditure of the income for the benefit of the library in the Methodist Episcopal Church would not run counter to the intent of the testator.

In the instant case, the testatrix provided that "if said Society shall at any time dissolve or shall abandon the purpose for which it was created, then I direct my said Trustee, upon the happening of said event, to pay over," etc. Construing the phrase as a whole and considering the entire will in the light of the circumstances surrounding the testatrix at the time it was made, it is evident that she had in mind not so much a formal and technical dissolution of the church corporation as an abandonment of the purpose for which it had been created so that it could no longer carry into effect the trust which she had established. Dissolution in the sense she contemplated was one which would involve such abandonment. She also recognized that there might be an abandonment without formal dissolution of the ecclesiastical society. It was such an abandonment in whatever way occurring that she intended should terminate the trust. In such an event, the provision for a substitutionary gift was to become effective. While there was a formal dissolution of the original church, the practical effect of what was done was to merge the original church into the United Church and to carry on the very purposes for which the testatrix really intended the income to be used. The payment of the income to the United Church is within the fair meaning and effect of her will.

It follows that questions (1), (2) and (5) are answered "No" and questions (3) and (4) "Yes."

No costs will be taxed in this court to either party.

In this opinion the other judges concurred.