H. CLINTON LATHROP, TRUSTEE
(Estate of George K. Nason)

*vs.*

H. CLINTON LATHROP, EXECUTOR
(Estate of Adeline L. Nason)

Superior Court     Windham County     File No. 7986

MEMORANDUM FILED MARCH 17, 1943.

*John B. Sullivan,* of Willimantic, for Lathrop, Trustee.

*Samuel B. Harvey,* of Willimantic, for Lathrop, Executor.

QUINLAN, J. This is an action for damages by the trustee under the will of one George K. Nason to recover in

the nature of a breach of trust from the estate of Adeline L. Nason the sum of $25,000.

Paragraph ninth of the will of George K. Nason reads as follows: "NINTH; I give to my said wife the sum of five hundred dollars per annum during her life, to be paid to her annually by said H. Clinton Lathrop from the trust funds in his possession hereinafter set forth, desiring however, that she return to said trustee such part thereof as she may not need for her own support and such unexpended part, if any, to revert to my estate for distribution to my legal heirs."

During the period of Adeline's life $500 per year was paid to her from the corpus of George's estate, with the exception of the last year when a smaller amount was paid. During these years the corpus of the estate of George decreased in amount by the extent of the payments made to Adeline.

At her death it was discovered that she had estate in excess of $16,000. She never in any year or at any time returned any part of said $500 annual payments.

It is claimed that paragraph ninth impressed a trust upon the funds not returned, in that because she had estate the annual payments were not *needed* for her support.

There is presented for decision the construction of paragraph ninth of George's will.

"The problem before us is to discover the intent of the testatrix as expressed in the instrument read in the light of the circumstances surrounding her at the time it was made, and to give effect to that intent if expressed and not contrary to some principle of law." *Bridgeport-City Trust Co. vs. Bridgeport Hospital,* 120 Conn. 27, 31.

Among the circumstances were the leaving of the entire income from the residue to his wife, showing the solicitude of an additional protection to her; he also gave her all household furniture, books, pictures, etc., as well as the house in which they dwelt. He had no children but did have sisters and a brother, some nieces and nephews. It must be assumed he knew his wife's financial circumstances, what it would cost to maintain the property, their manner of living and what her requirements would be. At the time of his death she was in the neighborhood of 60 years, more or less, being 94 at death. She had an expectancy at 60 of 14.09 years and

at 62 of 12.86 years. She was a very natural object of his bounty and there existed "a moral duty on his part" toward her. *Cumming vs. Pendleton,* 112 Conn. 569, 574.

"Maintenance and support....are not words of art but have a relative meaning, which....is revealed in the testator's intention and in the circumstances surrounding him...." *Cromwell vs. Converse,* 108 Conn. 412, 426.

"At one time the use of words of request, entreaty or recommendation, were held to create a trust....but 'the more modern rule, however, is that, in order that a trust may arise from the use of precatory words, the court must be satisfied, from the words themselves, taken in connection with all the other terms of the disposition, that the testator's intention to create a trust was as full, complete, settled, and sure as though he had given the property to hold upon a trust declared in the ordinary manner'." *Loomis Institute vs. Healy,* 98 Conn. 102, 114.

"An important corollary to this rule is that precatory words cannot cut down or diminish an estate given absolutely in the foregoing portion of the will." *Loomis Institute vs. Healy, supra,* p. 115. *See, also, Peyton vs. Wehrhane,* 125 Conn. 420, 426; *Scanlin vs. Peterson,* 105 id. 308, 313.

Here there was an absolute gift of $500 annually. Applying the foregoing rules and the corollary it is held that the precatory words do not cut down that absolute gift. To have the effect of cutting down "the subsequent language....must not be of doubtful meaning or uncertain in its indication of the testamentary intent, and be equivalent to a positive provision." *West Haven Bank & Trust Co. vs. McCoy,* 117 Conn. 489, 494. Here also there was required an act on the part of the first donee. In other words, the trustee was not given something, with an injunction to make a certain disposition after death. The desire was expressed to the widow as to each yearly amount. Hence it cannot be said in consonance with the language of the cases that there was shown "a clear intent to make such disposition *without the intervention of any act by the first donee* (Mrs. Nason)." Rather was it "a request or prayer *directed* to a....legatee concerning" a legacy. It is thus to be distinguished from *Cumming vs. Pendleton, supra,* and *West Haven Bank & Trust Co. vs. McCoy, supra,* from which the immediately foregoing quotation were culled. The latter case did not even create an absolute

estate. The court is not unmindful of the rule of construction which does not favor disinheriting the natural objects of the testator's bounty, but an adherence to our statute of distributions. It is also to be observed that under paragraph tenth of the will, assuming the construction sought by the plaintiff, the widow would be entitled to the income upon every part of each $500 that was returned to the estate, so that in any event some accounting would be required to establish the amount actually due the plaintiff. Difficulty of administration and embarrassment therein are considerations, in determining whether or not a trust was created, and as a business man, it must be assumed he would foresee some problems of accounting. *Loomis Institute vs. Healy, supra.*

Judgment for the defendant, with costs.