[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #104
The facts as alleged in the revised complaint are as follows. On January 25, 1987, the plaintiff, Maurice Lara, was CT Page 1090 a passenger in an automobile owned by Ruby Calabrese ["Calabrese"] and operated by Robert Schmidt ["Schmidt"]. On said date, the vehicle was travelling north on Main Street in Bridgeport, Connecticut, when it crossed the double yellow lines, entered the south bound lane and collided with an automobile driven by Peter Perno. As a result of the collision, the plaintiff sustained injuries.
At the time of the accident, the automobile operated by Schmidt was insured by the defendant, Aetna Casualty Surety Company ["Aetna"], under a policy issued to Calabrese. The total amount of uninsured motorist coverage under the policy is $100,000.00. Schmidt also had his own policy with the Insurance Company of the State of Pennsylvania with a policy limit of $20,000.00.
The Aetna policy provided for arbitration in the event that there was disagreement as to coverage or the amount thereof. Aetna and the plaintiff were unable to agree as to coverage or the amount, if any, of the damages. The plaintiff made demands upon Aetna to either pay the uninsured motorist benefits or to agree to arbitrate the matter. Aetna, however, has refused to do either.
On June 1, 1992, the plaintiff filed an eight-count complaint against the defendants, Aetna and Colonial Penn Insurance Company ["Colonial Penn"]. The first four counts of the complaint are directed at Aetna, and counts five through eight are directed at Colonial Penn.
On September 14, 1992, the plaintiff filed a revised complaint. The first and fifth counts are claims for breach of contract. The second and sixth counts are claims under CUIPA. The third and seventh counts are pursuant to CUTPA, and the fourth and eighth counts are causes of action for breach of implied covenant of good faith and fair dealing.
On September 21, 1992, the defendant, Aetna, filed a motion to strike counts one through four of the plaintiff's revised complaint on the ground that the counts are legally insufficient, along with a memorandum of law in support of its motion to strike.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc., 196 Conn. 91, CT Page 1091 108, 491 A.2d 368 (1985). A motion to strike is properly used to contest the legal sufficiency of the allegations of any complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos, supra, 108. "In deciding upon a motion to strike . . . , a trial court must take the facts to be those alleged in the complaint; . . . and `cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros. Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990).
The court must construe the "complaint in the manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991), citing Michaud v. Wawruck, 209 Conn. 407, 408, 1 551 A.2d 738 (1988). Where the facts provable under the allegations would not support a cause of action, the motion to strike must be granted. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989).
The first count is a cause of action for breach of contract seeking specific performance. The defendant argues that the first count should be sticken in that the tortfeasor, as a matter of law, is not underinsured.
The plaintiff alleges in the first count that there was a policy in effect at the time of the loss, that he is a covered person under the policy, the policy provides for arbitration in the event the parties disagree as to coverage, that he and Aetna have been unable to agree to coverage, that he has fulfilled all of the conditions of the policy, and that Aetna has refused to pay any benefits or agree to arbitrate the matter. Such facts are sufficient to support a claim for breach of contract.
"In judging a motion to strike . . . it is of no moment that plaintiff may not be able to prove [his] allegations at trial." Levine v. Bess Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132, 471 A.2d 679 (1983).
Whether or not Schmidt was underinsured is not relevant for purposes of this motion to strike. Therefore, the motion to strike the first count is denied. CT Page 1092
In counts two and three the plaintiff alleges that Aetna has engaged in unfair claim settlement practices in violation of CUTPA and CUIPA. Counts two and three fail to state a claim upon which relief may be granted.
"[I]solated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory intervention." Mead v. Burns,199 Conn. 651, 666, 509 A.2d 11 (1986). Thus, "for a plaintiff to allege CUIPA and CUTPA violations sufficiently the plaintiff must allege more than a singular failure to settle a plaintiff's claim fairly. The plaintiff must allege that the defendant has committed the alleged wrongful acts with such frequency as to indicate a general business practice." Quimby v. Kimberly Clark Corporation, 28 Conn. App. 660, 672 613 A.2d 838 (1992). The plaintiff's complaint only alleges one instance of unfair claim settlement practices. Therefore, the plaintiff's CUIPA and CUTPA claims are legally insufficient, and the defendant's motion to strike as to the second and third counts is granted.
The fourth count is a cause of action for breach of the implied covenant of good faith and fair dealing. The fourth count incorporates the allegations of the first three counts of the complaint and further alleges a violation of an implied covenant of good faith and fair dealing. Such facts are sufficient to support a claim for breach of implied covenant of good faith and fair dealing. See Paine, Webber, Jackson 
Curtis, Inc. v. Winters, 13 Conn. App. 712, 720, 539 A.2d 595
(1988).
The defendant argues that the fourth count should be stricken in that the tortfeasor, as a matter of law, is not underinsured. This argument fails for the same reason it failed as to the first count. The motion to strike the fourth count is denied.
BALLEN, JUDGE