[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE #112
Plaintiff Bell Power Systems, Inc. instituted this suit on March 12, 1993, to recover losses resulting from a leaking underground storage tank constructed by the defendant J. H. Hogan, Inc., on the plaintiff's property. On September 29, 1993, the defendant filed a motion to strike the fourth count of the complaint, which alleges a cause of action in nuisance. The defendant attacks the count on the ground that it fails to allege that defendant exercised control over the property in question, and therefore does not set forth a legally cognizable cause of action.
The motion to strike is used to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 1365
(1989). A motion to strike admits all facts well pleaded; Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985); and "in ruling on a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988). "In judging a motion to strike, . . . it is of no moment that the [party] may not be able to prove [his] allegations at CT Page 10053 trial." Levine v. Bess Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132, 471 A.2d 679 (Super.Ct. 1983). "The sole inquiry at this stage is whether the . . . allegations, if proved, state a cause of action." Id.
The elements of nuisance are: 1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; 2) the danger created was a continuing one; 3) the use of the land was unreasonable or unlawful; and 4) the existence of the nuisance was a proximate cause of the plaintiff's injuries and damages. State v. Tippetts-Abbett-McCarthy-Stratton,204 Conn. 177, 183, 527 A.2d 688 (1987). The plaintiff alleges that the defendant negligently installed an underground storage tank pursuant to a contract between the parties, and that the plaintiff's losses and expenses and the contamination of the property were caused by the creation and constructive maintenance of the nuisance by the defendant. Plaintiff's Complaint, 4-17. A showing that a defendant "has created and maintained a nuisance-causing condition may concurrently serve as evidence that it controls the property on which the condition exists." State v. Tippetts-Abbett-McCarthy-Stratton, supra, 185 n. 5. It is submitted that the plaintiff's complaint properly alleges that the defendant controlled the project to the exclusion of the plaintiff, and is sufficient to set forth a cause of action in nuisance.
Despite the defendant's reliance on State v. Tippetts-Abbett-McCarthy-Stratton, supra, that case does not direct an opposite result. In that case the court decided, based on the pleadings and evidence from the trial, that the plaintiff had never relinquished control of the property; indeed, the legislative enactment which authorized the construction vested "ultimate and exclusive responsibility for planning and constructing the expressway" on the plaintiff. Id., 185-86. In contrast, the plaintiff in the present case asserts that the defendant was in control of the construction to the exclusion of the plaintiff. Plaintiff's Complaint, 18. Moreover, the plaintiff in Tippetts was able to inspect and give final approval to the project, and based on this the defendant's limited involvement came to an end. Id., 187. In contrast, the plaintiff here could not inspect the underground tank without undoing the work. Therefore, the Tippetts case does not change the conclusion reached by the court that the defendant's motion to strike be denied.
WALSH, JOHN, J. CT Page 10054