GABRIEL LEVINE *v.* THE BESS AND PAUL SIGEL HEBREW ACADEMY OF GREATER HARTFORD, INC., ET AL.

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE No. 260722
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed October 20, 1983

*Harry L. Nair* and *Gersten & Gersten,* for the plaintiff.

*Tyler, Cooper & Alcorn,* for the named defendant.

*David Ormstedt,* assistant attorney general, for the defendant Joseph I. Lieberman, attorney general.

O'CONNELL, J. The plaintiff, Gabriel Levine, has instituted a declaratory judgment action seeking a determination of the interest of the defendant beneficiary, the Bess and Paul Sigel Hebrew Academy of Greater Hartford, Inc., in a trust. The plaintiff executed a Declaration of Trust on July 30, 1974, to benefit the Yeshiva of Hartford, Inc., a/k/a the Hebrew Academy of Greater Hartford. In 1979, the school changed its name to the Bess and Paul Sigel Hebrew Academy of Greater Hartford, Inc., hereinafter the defendant, to honor Paul and Bess Sigel for their substantial monetary contribution to the school. Subsequent to the name change, the plaintiff notified the defendant that the trust was terminated.

The plaintiff alleges in his substitute complaint that the change in the school's name violated the specific terms and intent of the settlor in establishing the trust, thereby terminating the interest of the defendant in the trust. The plaintiff has also set forth these allegations in its first special defense to the counterclaim raised by the defendant in its amended answer to the plaintiff's original complaint.

The defendant now moves the court to strike the plaintiff's substitute complaint and the plaintiff's special defense on the ground that the plaintiff has failed

to allege sufficiently a cause of action and a special defense. In support of this contention, the defendant claims that an irrevocable trust cannot be terminated or a beneficiary disqualified solely on the basis that the beneficiary changed its name.

The purpose of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 152. In ruling on the motion, the court will construe the pleading in a manner most favorable to the nonmovant by considering the factual allegations of the pleading to be true. *Verdon* v. *Transamerica Ins. Co.,* 187 Conn. 363, 365, 446 A.2d 3 (1982); *Therrien* v. *Safeguard Mfg. Co.,* 180 Conn. 91, 93, 429 A.2d 808 (1980). If the facts provable under the allegations support the existence of any possible cause of action or defense, the motion to strike must fail. *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* 179 Conn. 541, 545, 427 A.2d 822 (1980); *DeMello* v. *Plainville,* 170 Conn. 675, 677, 368 A.2d 71 (1976).

In the present case, the defendant argues that a charitable trust cannot be terminated upon the change in name of the beneficiary unless specifically expressed in the trust. Although the expressed intent of the settlor controls, this intent "is to be determined from reading the instrument as a whole in the light of the circumstances surrounding the . . . settlor when the instrument was executed." *Connecticut Bank & Trust Co.* v. *Lyman,* 148 Conn. 273, 278–79, 170 A.2d 130 (1961); see also *Bridgeport-City Trust Co.* v. *Bridgeport Hospital,* 120 Conn. 27, 31, 179 A. 92 (1935).

Since the plaintiff has pleaded that the change of the beneficiary's name deviated from his intent, the court finds that the allegations are sufficient to support the plaintiff's cause of action and special defense.

The defendant argues that the parole evidence rule will bar the plaintiff from establishing his claim at trial.

In judging a motion to strike, however, "it is of no moment that the plaintiff may not be able to prove [his] allegations at trial." *Doyle* v. *A & P Realty Corporation*, 36 Conn. Sup. 126, 127, 414 A.2d 204 (1980). The sole inquiry at this stage is whether the plaintiff's allegations, if proved, state a cause of action.

The defendant's motion to strike the plaintiff's substitute complaint is denied.

The defendant's motion to strike the plaintiff's first special defense to the defendant's counterclaim is denied.