[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The defendant, Victoria Kaplan, d/b/a Brian Realty moves to strike Counts 7 and 8 of the Complaint. (The defendant has withdrawn her Motion to Strike Count 6 of the Complaint.)
Count 7 alleges that the defendant, Joan Melnick sold the premises involved in this litigation to the plaintiff in CT Page 366 the scope of her employment as an agent of Brian Realty. An employer is liable for the actions of his employee acting within the scope of his employment. This sufficiently states a cause of action against Brian Realty under the doctrine of respondeat superior.
The defendant's claim that it was acting as the agent of defendant Melnick and disclosed that agency is not an adequate basis to support it's Motion to Strike. The Complaint alleges an employer-employee relationship and that states a cause of action, Levine v. the Bess and Paul Sigel Hebrew Academy, 39 Conn. Sup. 129 (1983). The Motion to Strike Count 7 is denied.
Count 8 alleges a CUTPA violation which the defendant moves to strike on the ground that CUTPA does not apply to a one-time sale of a single family home. The case relied on principally by the defendant is Bertrum v. Miller, 4 Conn. Super. 244-245 (1989). However, that case was based on a private one-time sale of property between individuals not acting in a professional or business context and is inapposite to the facts of the present case. Whether the plaintiff can sustain her burden of proving a CUTPA violation is quite another matter from stating a cause of action.
In this case there is at least the penumbra of some — established concept of unfairness — in the allegations. Smayda v. Arnold, 15 CLT 15, April 10, 1989. The Motion to Strike Count 8 is denied.
KLACZAK, J.