[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTIONS TO STRIKE (#102 and #104)
On March 5, 1991, the plaintiffs Rubin and Gertrude Blank filed a two count complaint against the defendants Alan and Michele Sloan. Count one alleges a promissory note, payable on demand, to the plaintiffs. Count two seeks the return of $500.00 allegedly loaned by the plaintiffs to the defendants.
The defendants have filed separate motions to strike counts one and two of the complaint on the grounds that the complaint fails to state a claim upon which relief can be granted. These motions are being considered simultaneously because they are virtually identical. Pursuant to Conn. Practice Bk. 155, memoranda of law in support and in opposition to the motion have been filed.
A motion to strike challenges the legal sufficiency of a complaint or any count thereof. Conn. Practice Bk. 152. "The sole inquiry at this stage is whether the plaintiff's allegations, if proved, state a cause of action." Levine v. Sigel Hebrew Academy of Greater Hartford, Inc.,39 Conn. Sup. 129, 132 (1983). The motion to strike, "[l]ike the demurrer, . . . admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985).
The defendants, in support of the motion to strike argue that the plaintiffs have based their cause of action on a document attached to the complaint as Exhibit A. The defendants argue that this document evidences a partnership agreement not a promissory note payable on demand.
The plaintiffs, in opposition to the motion to strike, argue that there was no partnership between the parties and that the document is a contract for the repayment of monies.
Whether the document properly evidences a promissory note payable CT Page 4086 on demand or a partnership agreement is a question of fact which cannot be decided on a motion to strike. The plaintiff has plead facts sufficient to support a cause of action on a promissory note and therefore the motion to strike is denied.
SUSCO, J.