[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS ERI AND CTC'S MOTION TO STRIKE
The plaintiff, Tufano Motorcar, Inc., filed a revised complaint on July 2, 1992 against three defendants, Equipment and Resources International, Ltd. ("ERI"), Certified Technology Corp. ("CTC"), and Thermomeccanica F.B. ("TFB"). The complaint arose from the plaintiff's purchase of an allegedly defective "spray booth" from some or all of the defendants. The complaint alleges in four counts that the defendants breached express warranties, an implied warranty of merchantability, an implied warranty of fitness for a particular purpose, and the contract of sale for the spray booth. A fifth count alleges a violation of the Connecticut Unfair Trade Practices Act. (CUTPA). Each count is directed against all of the defendants.
Two of the defendants, CTC and ERI, filed a motion to strike counts one through four of the complaint on the grounds that:
a) counts one, two, and three which allege breaches of the Uniform Commercial Code ("UCC") warranties are insufficient because they fail to state that the defendants were given timely notice of the alleged breach as required by General Statutes 42a-2-607;
b) count four alleges a common law claim for breach CT Page 8852 of warranty that has been preempted by the UCC because the underlying transaction is a sale of goods;
c) all of the counts which assert UCC claims against the defendant ERI fail to allege that ERI was a seller and a merchant, and therefore, the plaintiff's UCC claims are not applicable to ERI.
The plaintiff argues that the notice of breach was sufficient, that the breach of contract claim can be pled as an alternative cause of action and that the allegations show that defendant ERI is a seller under UCC.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Eugene K. Ferryman, Administrator (Estate of Michael Ferryman) v. City of Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). "The sole inquiry at this state [of the pleadings] is whether the . . . allegations, if proved, state a cause of action." Levine v. Bess and Paul Sigel Hebrew Academy of Greater Hartford, Inc.,39 Conn. Sup. 129, 132, 471 A.2d 679 (Super.Ct. 1983). In ruling upon a motion to strike the court is limited to the facts alleged in the complaint. King v. Board of Education of the Town of Watertown, 195 Conn. 90, 93, 486 A.2d 111 (1985). The court must take as admitted all well-pled facts and those necessarily implied thereby, and construe them in the manner most favorable to the plaintiff. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
General Statutes 42a-2-607(3) requires that where a tender of goods has been accepted, the buyer must, within a reasonable time after he discovers or should have discovered any breach, notify the seller of the breach or be barred from any remedy. The reason that notification is required to preserve the buyer's remedy of damages for accepted goods is to alert the seller that the transaction is still troublesome rather than to particularize the buyer's entitlement to damages. Stelco Industries, Inc. v. Cohen, 182 Conn. 561, 565-66,438 A.2d 799 (1980). "The standard by which notice is measured for the purposes of 42a-2-607(3) is not as rigorous a standard as that which governs notice of rejection . . ." Id., 565. Oral notice of breach is acceptable; Id.; as is the return of the product to the seller for repair. Hinchcliffe v. American Motors Corporation, 184 Conn. 607,621, 440 A.2d 810 (1981). CT Page 8853
The court finds that the plaintiff sufficiently alleges that both defendants had adequate notice of the alleged breach. The plaintiff alleges in count one of the complaint, paragraphs seventeen and eighteen (as incorporated into counts two and three), that the "defendant [ERI and CTC] were given the opportunity to cure the defective spray booth" and that "the defendant [ERI] attempted but could not cure the defective spray both." Construing these allegations in the manner most favorable to the plaintiff, it is submitted that both defendants had notice of the alleged defect in the spray booth so as to meet the standard of notice required by General Statutes 42a-2-607(3). Therefore, counts one, two, and three should not be stricken on the ground that the defendants did not have sufficient notice of the alleged breach.
Article Two of the UCC applies to all contracts involving the same of goods. Bead Chain Manufacturing Co. v. Saxton Products, Inc., 183 Conn. 266, 270, 439 A.2d 314
(1981). "While it is true that the [UCC] incorporates, by reference, supplementary general principles of contract law, such supplementary bodies cannot displace those provisions of the code that are directly applicable." Id. Thus, where the UCC applies to a transaction, common law claims, such as for breach of contract, are preempted. Management Computer Services, Inc. v. Rourke-Eno Paper Co., Inc., 5 CSCR 104
(December 7, 1989, Meadow, J.).
The underlying transaction in the instant case is for the sale of goods. Accordingly, the claim in count four for breach of contract is preempted by the remedies available under the UCC. Therefore, count four is stricken because it fails to allege facts which give rise to a recognized cause of action.
A buyer can assert claims for the breach of implied and/or express warranties against any seller of goods. General Statutes 42a-2-313, 42a-2-315. A seller is defined as "one who sells or contracts to sell goods." General Statutes42a-2-103. It is submitted that a more useful definition of a seller is found in the Product Liability Act. A seller is "any person or entity, including a wholesaler, distributor or retailer who is engaged in the business of selling such products. . . ." Id. This definition also applies to sellers for the purposes of the UCC. Burkert v. Petrol Plus of Naugatuck, 216 Conn. 65, 73, 579 A.2d 26 (1990). CT Page 8854
A buyer can also assert a claim for the breach of the implied warranty of merchantability against any merchant of goods. General Statutes 42a-2-314. A merchant is defined as "a person who deals in goods of the kind otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction. . . ." General Statutes 42a-2-104.
The defendant ERI argues that the counts in the plaintiff's complaint which assert UCC warranty claims against it do not sufficiently allege that the defendant was a seller or a merchant of goods. Therefore, the defendant argues that those counts should be stricken. Notwithstanding, several paragraphs in count one of the complaint (as incorporated into counts two and three) allege that ERI, through its representative, made representations about the spray booth, demonstrated the spray booth to the plaintiff, presented a sales agreement to the plaintiff, arranged for post-sale service and did in fact service the spray booth after the sale.
These facts and those implied therefrom, when construed in the manner most favorable to the plaintiff, give rise to the conclusion that ERI is a seller and/or a merchant under the UCC for purposes of liability on warranties. Therefore, the relevant counts should not be stricken as to the defendant, ERI.
Accordingly, defendants' motion to strike counts one, two, and three of the plaintiff's complaint is denied because they sufficiently allege facts that both of the defendants had notice of the alleged defects in the product.
The motion to strike count four is granted because it asserts a common law claim for breach of contract against both of the defendants which has been preempted by the UCC when the underlying transaction is a sale of goods.
Further, counts one, two, and three should not be stricken as to defendant ERI because the plaintiff's complaint sufficiently alleges facts that the defendant is a seller and/or a merchant for purposes of the UCC warranties.
JOSEPH H. GOLDBERG SENIOR JUDGE CT Page 8855