[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT PHOENIX LANDING CONDOMINIUM ASSOCIATION, INC.'S ON MOTION TO STRIKE
The plaintiff, Bradford J. May, filed a four count substitute complaint on December 10, 1992, alleging in the first three counts that Jill Scherber, Lee Haskell, and CFD Development Corporation, Inc. were liable or personal injuries he sustained as a result of a dog bite.
Count Four is brought against the Phoenix Landing Condominium Association, Inc. (hereinafter "defendant association") and is based upon a claim that the defendant association liable under Conn. Gen. Stat. 22-357 ("Dog Bite Statute") as a "keeper" of the animal.
Before the court is the defendant association's motion to strike the fourth count of the complaint on the ground that the count, as pleaded, is legally insufficient to support a conclusion that the defendant association is a keeper as defined CT Page 1514 in Conn. Gen. Stat. 22-357.
The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129,131 (Super.Ct. 1983) 471 A.2d 679 (1983). A motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Id.
General Statutes 22-357 provides:
 If any dog does any damage to either the body or property of any person, the owner or keeper, . . . shall be liable for such damage. . . .
The fourth count in the plaintiff's substitute complaint sets forth the following facts in support of the legal conclusion that the defendant association was a keeper of the dog: the dog was owned and kept by the owners at their condominium located in the Phoenix Landing Condominium development; the defendant association was the controlling authority of the Phoenix Landing Condominium development; the defendant association had rules and regulations which authorized the keeping of pets on the premises by the owners of the condominiums and which authorized the owners to use the common areas for their pets; the rules and regulations had requirements controlling the owners' use of the common areas for their pets; and the attack of the plaintiff by the dog took place in a common area which was controlled, owned, and operated by the defendant association. Based on these facts, the plaintiff claims that the defendant was a keeper of all pets on the premises under Connecticut General Statutes 22-357, and the defendant association is liable for the resulting injuries and losses in accordance with 22-357.
The issue raised by the motion to strike is whether the allegations of fact as set forth above are sufficient, if proven, to establish that the defendant association was a "keeper" of the dog as that term is used in 22-357. CT Page 1515
The word "keeper" is defined in Connecticut General Statutes22-327 as follows: "`keeper means any person, other than the owner, harboring or having in his possession any dog.'"
The term "harbor" has been interpreted as affording lodging, or shelter, or giving refuge. "Possession" has also been interpreted as not being anything which is "short of the exercise of dominion and control similar to and in substitution for that which ordinarily would be exerted by the owner in possession." Hancock v. Finch, 126 Conn. 121, 122.
In the opinion of the court, the facts alleged in the fourth count are not sufficient to establish, if proven, that the defendant association was a "keeper" of the dog. In reaching this conclusion the court is aware of the case of Quinones v. New Britain Housing Authority, 7 Conn. L. Rptr. No. 18.507 (November 30, 1992). To the extent that the decision in Quinones might be considered contrary to the conclusion reached in the case at bar this court respectfully declines to follow that decision.
For the reasons above stated the motion to strike the fourth count of the substitute complaint is granted.
Hadden, J.