[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE #101
I. FACTS: CT Page 718
The plaintiff, Lisa Parker, filed this action on November 20, 1992, for damages resulting from a fire at a rental dwelling on October 28, 1990, owned by the defendants Salvatore A. Mazzotta and Sebastian Mazzotta. One of the plaintiff's sons, Christopher Frost Parker, died as a result of injuries sustained in the blaze, while the other, Matthew J. Frost Parker, was seriously injured. The plaintiff brings this action in her capacity as administratrix of Christopher's Estate and as next friend of the minor plaintiff Matthew. On January 25, 1993, the defendants filed a motion to strike the second, fourth and seventh counts of the complaint, on the ground that they fail to state a claim on which relief can be granted. The defendants assert that the plaintiff has failed to plead sufficient facts to support her allegations of reckless, wanton and willful acts or omissions on the part of the defendants.
II. DISCUSSION:
A motion to strike admits all facts well pleaded; Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985); and "in ruling on a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). Furthermore, "[i]n judging a motion to strike, . . . it is of no moment that the plaintiff may not be able to prove [her] allegations at trial." Levine v. Bess Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132, 471 A.2d 679 (Super.Ct. 1983). "The sole inquiry at this stage is whether the . . . allegations, if proved, state a cause of action." Id.
"Recklessness is a state of consciousness with reference to the consequences of one's acts. It requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligence." (Citations omitted. Mooney v. Wabrek, 129 Conn. 302,308, 27 A.2d 631 (1942), see Dubay v. Irish, 207 Conn. 518,532-33 (1988). The plaintiff in the present case alleges that defendants knew or should have known of the dangerous and unsafe conditions on the premises, and failed to remedy the problems or warn the plaintiffs of the potential danger. Plaintiff's Complaint, Count 1, 8. When construed in the light most favorable to the plaintiff, the complaint alleges a conscious disregard CT Page 719 on the part of the defendants of a highly dangerous situation, a situation in large part created by their disregard of the defects and fire hazards. These allegations are sufficient to defeat the motion to strike.
III. CONCLUSION:
For the reasons herein stated it is concluded that the motion to strike ought to be and hereby denied.
It is so ordered.
ARENA, J.