[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On June 29, 1994, the plaintiffs, James P. McCrea and Eric E. Jackson, filed a nine count revised complaint seeking damages arising out of an alleged breach of an employment contract entered into by the plaintiffs and the defendant, Louis Dreyfus Corporation.
The first count sounds in breach of contract and alleges that on April 28, 1989, the plaintiffs entered into an employment agreement ("agreement") with the defendant wherein the defendant allegedly agreed not only to employ the plaintiffs, but also allegedly agreed to pay the plaintiffs severance payments should the defendant choose to terminate either plaintiff's employment without cause. The plaintiffs further allege that independent of the severance provision, and as a condition of their employment, they were to be credited with years of service for purposes of pension accrual.[1] The plaintiffs allege that on October 15, 1993, the defendant "involuntarily terminated" their employment without cause. The plaintiffs further allege that the defendant "willfully, in bad faith and in breach" of the agreement refused to honor the terms of the agreement with regard to the severance payments and years of service provisions. CT Page 9889
The second count sounds in breach of the covenant of good faith and fair dealing and incorporates the allegations as set forth in the first count. The plaintiffs allege in this count that the agreement "contained an implied-in-law covenant of good faith and fair dealing" and that the defendant, by willfully failing to honor the terms of the agreement, breached that covenant. The plaintiffs allege that the defendant's conduct in failing to pay them severance payments, along with failing to credit them with the required years of service, constitutes a willful and reckless "indifference to the Plaintiffs' rights thereby entitling the Plaintiffs to an award of punitive damages."
Counts three through nine are not before this court for purposes of this ruling.
On July 8, 1994, the defendant filed a motion to strike the second count, and that count's attendant claim for punitive damages, on the ground that the second count fails to state a cause of action upon which relief may be granted.[2] The defendant has filed a memorandum of law in support of its motion. The plaintiff has filed a memorandum in opposition to the defendant's motion.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and PaulSigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129,132, 471 A.2d 679 (Super.Ct. 1983). The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachosv. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Id.
The defendant argues in its memorandum in support of its motion to strike that the plaintiffs have failed to allege that the defendant engaged in conduct necessary to support a cause of action for breach of the implied covenant of good faith and fair dealing. The defendant postulates that in order to recover for a breach of this nature, the plaintiffs must demonstrate that the defendant has acted in "bad faith," and that the plaintiffs, by CT Page 9890 nomenclature alone, cannot transform their conclusory allegations into a cause of action for this type of breach without the specific factual allegations to support it.
The plaintiffs argue in opposition that the use of the words "willfully" and "reckless disregard" are preceded by the incorporation of the allegations for breach of contract as set forth in count one. Therefore, the plaintiffs argue that when read as a whole, it becomes clear that the defendant's actions in breaching the contract were not prompted by honest mistake, and that the "allegations and inferences which can be drawn" demonstrate bad faith and a breach of the implied covenant of good faith and fair dealing. Additionally, the plaintiffs argue that since the court (Leheny, J.) previously sustained the plaintiffs' objection to the defendant's request to revise the plaintiffs' claim for damages, the defendant should be collaterally estopped from relitigating the matter.
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." Habetz v. Condon, 224 Conn. 231, 238, 618 A.2d 501
(1992). "Bad faith means more than mere negligence; it involves a dishonest purpose." Id., 237. "Bad faith in general implies both `actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive.'" (Citation omitted.) Id.
In Puglio v. National Grange Mutual Insurance Company, Superior Court, Judicial District of Fairfield at Bridgeport, No. CV93 0303610S (October 12, 1993, Maiocco, J.), the plaintiff alleged, in the first count, that the defendant insurer refused to pay benefits pursuant to an insurance policy, and, in the second count, that by engaging in such conduct, "`the Defendant, . . ., [had] . . . breached its implied covenant . . . of good faith and fair dealing and . . . [had] willfully and wantonly delayed the reasonable adjustment of the Plaintiff's loss to the Plaintiff's further loss and damage.'" The defendant in Puglio
moved to strike the second count of the plaintiff's amended complaint, arguing that the plaintiff, instead of pleading sufficient facts to state a claim for breach of the implied duty of good faith and fair dealing arising out of the insurance contract, merely averred bad faith in conclusory language. CT Page 9891
In striking the second count, the court in Puglio stressed that:
 [B]reach of contract based on tortious conduct `must be alleged in terms of wanton and malicious injury, evil motive and violence for punitive damages may be awarded only for outrageous conduct, that is, for ads done with a bad motive or with a reckless indifference to the interests of others.'
 The second count of the plaintiff's amended complaint does not include any specific allegations that meet the standards set out by the courts for conduct that breaches the implied covenant of good faith and fair dealing.
 The second count of the amended complaint is essentially an impermissible legal conclusion. Other than incorporating the allegations of the first count, which does not contain claims of outrageous conduct or willful behavior, the second count fails to allege further conduct by the defendant that breaches the covenant. Rather, the count concludes that the defendant breached the covenant without alleging facts to support that conclusion.
In the present case, the second count incorporates the breach of contract allegations as set forth in the first count, and further alleges that:
 Plaintiffs' Employment Agreement contained an implied-in-law covenant of good faith and fair Dealing.
 In willfully failing to pay the Plaintiffs their required severance pay and willfully failing to credit the Plaintiffs with the required years of service for pension purposes, the Defendant breached the covenant of good faith and fair dealing.
 As a direct and proximate cause of the Defendant's wrongful actions, the Plaintiffs have suffered lost wages and pension benefits, mental and physical pain and suffering and incurred attorneys fees and costs.
 In so failing to pay the Plaintiffs their required severance and credit them with the required years of service, the Defendant acted willfully and with reckless indifference to the Plaintiffs' rights thereby entitling the Plaintiffs to an award of punitive damages.
(Plaintiffs' Revised Complaint, Second Count, paras. 18, 19, 20, 21.) CT Page 9892
The allegations set forth in the second count do not allege sufficient facts that demonstrate conduct that breaches the implied covenant of good faith and fair dealing. The mere allegation that the defendant "willfully" failed to perform certain obligations pursuant to contract is insufficient to support the plaintiffs' claim.
The plaintiffs have called to the court's attention the case of Seymour v. Carcia, 24 Conn. App. 446, 589 A.2d 7 (1991), for the proposition that an allegation that "`injuries and losses were caused by the reckless indifference to the rights of others on the part of the defendant'" constitutes sufficient notice to a defendant of a claim of aggravated conduct, as opposed to mere negligence, which justifies an award of punitive damages. Id., 452. Seymour states that "`[t]o furnish a basis for recovery of [punitive] damages, the pleadings must allege and the evidence must show wanton or wilful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought. . . .'" Id., 451. More importantly, a reading of Seymour
reveals that not only was it a negligence, as opposed to a breach of contract action, but one of the claims in Seymour was "that the trial court improperly submitted the issue of punitive damages to the jury . . . . because the pleadings did not claimsuch damages." (Emphasis added.) Id., 451. The defendant in the present case does not allege that the plaintiffs failed to claim punitive damages. The defendant in the present case argues that the allegations as set forth in the second count cannot support an action for breach of the implied covenant of good faith and fair dealing. Therefore, the defendant argues that the plaintiffs' corresponding claim for relief requesting punitive damages based upon this second count must fail. The facts of,Seymour are inapposite to the facts of the present case.
The plaintiffs also cite Berry v. Loiseau, 223 Conn. 786,614 A.2d 414 (1992) in support of their position. However, the pertinent issue in Berry, as it relates to the present case, was whether the trial court improperly awarded punitive damages to the plaintiff when there was no evidence to support such an award. Id., 811. The court in Berry stated that the jury could have reasonably found from the evidence presented that the defendant demonstrated the type of conduct which allowed the jury to consider whether the plaintiff was entitled to punitive damages. Based on the foregoing, Berry is inapplicable at this CT Page 9893 stage of the case.
Therefore, the court grants the defendant's motion to strike the second count of the plaintiffs' revised complaint along with that count's attendant claim for punitive damages.
Finally, the plaintiffs' collateral estoppel argument is unavailing. "`Collateral estoppel . . . is the doctrine that bars relitigation, in a second action between the same parties brought upon a different claim, of issues already determined in the first action.'" (Emphasis added.) Rawling v. New Haven, 206 Conn. 100,110, 537 A.2d 439 (1988). Because the plaintiffs argue that it was the court's prior ruling on a request to revise which should have preclusive effect, and not a claim already decided in a previous action between these two same parties, the plaintiffs' argument is without merit.
Stodolink, J.