[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 101
On January 11, 1995, the plaintiff, Bela Hock, filed a complaint seeking damages for alleged legal malpractice.
The plaintiff alleges that on or about January 7, 1991, he retained an attorney, Francis X. Shea ("defendant"), to defend him and pursue a cross complaint in his dissolution action.[1]
According to the plaintiff, the defendant "neglected to adequately prepare for trial and negligently advised Plaintiff to enter into a settlement agreement on or about January 8, 1992, that was not reflective of his legal entitlement. . . ."
On January 23, 1995, the defendant filed a motion to strike the plaintiff's complaint on the ground that the action is barred by the operation of General Statutes, Sec. 52-584. The defendant has filed a memorandum of law in support of his motion. The plaintiff has filed a memorandum of law in opposition.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and PaulSigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129,132, 471 A.2d 679 (1983). The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Id.
"A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." Forbes v. Ballaro, 31 Conn. App. 235,239, 624 A.2d 389 (1993). However, in two limited situations, a motion to strike may be used to raise such a defense. Id. "The first is when `[t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of an answer.'" Id. "The second is where `a statute gives a right of action which did not exist at common law, and fixes the time CT Page 3091 within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone.'" (Citation omitted.) Id., 239-40.
In the present case, the record reveals no agreement between the parties as to all the pertinent facts. In fact, the plaintiff, in his opposition memorandum, postulates that the appropriate statute of limitations is section 52-577, and not section 52-584, and that his complaint was filed within the applicable limitations period. Furthermore, the cause of action alleged in the complaint is a common law cause of action. Therefore, this case does not comport with either exception articulated in Forbes v. Ballaro, supra, and the defendant's motion to strike is denied. See Basquin v. Shop-RiteSupermarkets, Inc., Superior Court, Judicial District of Litchfield, No. 062200 (February 9, 1994, Pickett, J.); Rausch v.Boyd, 9 CSCR 201 (January 14, 1994, Walsh, J.).
Stodolink, J.