[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, Nancy Stein, filed a three count complaint seeking damages arising out of negligent treatment she allegedly received while a patient at New Milford Hospital.
In the first count, the plaintiff alleges that on November 19, 1992, she employed Teresita Mascardo, M.D. to perform an abdominoplasty ventral umbilical hernia repair procedure. The plaintiff alleges that during the procedure, Mascardo CT Page 3092 "unilaterally" removed three moles from the plaintiff's body without her express or implied authorization to do so. The plaintiff alleges that based upon Mascardo's failure to request authorization to remove the moles from her body, Mascardo failed to exercise that degree of care or skill ordinarily exercised by physicians in their profession.
The second count is the count at issue and is directed against Ramon Mabasa, M.D. ("defendant"), and is factually identical to the allegations as set forth in the first count, except for an allegation that on the date of the procedure, the defendant "assisted" Mascardo in performance of the procedure.
The third count is directed against New Milford Hospital and alleges negligence against the hospital in that it knew or should have known of the negligent actions of its employee physicians.
On December 23, 1994, the defendant filed a motion to strike the second count of the plaintiff's complaint on the ground that the second count is legally insufficient because the defendant had no legal duty to obtain the plaintiff's consent. The defendant has filed a memorandum of law in support of his motion. The plaintiff has filed a memorandum of law in opposition.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and PaulSigel Hebrew Academy of Greater Hartford Inc., 39 Conn. Sup. 129,131, 471 A.2d 679 (1983). The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Id.
In his supporting memorandum, the defendant postulates that as an assistant surgeon, he did not owe a duty to the plaintiff to obtain her consent. The defendant relies upon Petriello v.Kalman, 215 Conn. 377, 576 A.2d 474 (1990), as authority for his position.
The plaintiff counters in her opposition memorandum that the defendant should not be held to a lesser duty of care compared to CT Page 3093 that of Mascardo because she was the defendant's patient as much as she was Mascardo's patient. The plaintiff posits that if the defendant failed to read the consent form, then he is as negligent as Mascardo in not reading the consent form.
In Petriello v Kalman, supra, the issue before the court was whether a hospital had a legal duty to ensure that a plaintiff had given her informed consent to surgical procedures to be performed by an independent physician not employed by the hospital. In holding that the hospital had no duty with respect to obtaining a patient's informed consent for a surgical procedure to be performed by a nonemployee physician, the court stated that "[s]ince, in this case, there was no evidence of any involvement by a physician employed by the hospital prior to the start of the surgical procedure and since the plaintiff does not claim it was the duty of the nurse actually to obtain the plaintiff's informed consent . . . the duty to obtain such consent" rested wholly upon the plaintiff's attending physician.Petriello v. Kalman, supra, 384-85. Since Petriello addressed the issue of a hospital's duty to secure informed consent for a surgical procedure to be performed by a nonemployee physician and did not address the duty of an assisting physician employed by the hospital, Petriello cannot be considered as persuasive authority for purposes of this motion.
In Logan v. Greenwich Hospital Association, 191 Conn. 282,465 A.2d 294 (1983), the court held that a referring physician had no duty to ensure that his patient had given informed consent to a surgical procedure being performed by another physician. Additionally, the court in Logan considered the plaintiff's claim that the trial court erred in directing a verdict for the hospital's participating radiologist. The court stated that:
 It is undisputed that Delany's role was to operate the fluoroscopic equipment in order to enable Bogdan, the urologist performing the operation, to see the plaintiff's kidney and the needle used to accomplish the biopsy. . . . There is no evidence that he did not perform this task properly and in accordance with the appropriate standard for his specialty. He played no part in discussing the procedure with the plaintiff and there was no evidence that his duty as a radiologist required his participation in obtaining her informed consent. None of the specifications of negligence, which are addressed indiscriminately to the three physician defendants . . . pertains to the performance of the duty of a radiologist as established by the evidence in this case. The court properly directed a verdict in CT Page 3094 favor of the defendant Delany.
Id., 302-03.
In the present case, the plaintiff has alleged that the defendant assisted Mascardo during the procedure to repair the plaintiff's hernia, and that the defendant "did not exercise the degree of care or skill ordinarily exercised by physicians in their profession" by "unilaterally" removing or assisting in the removal of three moles without requesting or obtaining the plaintiff's express or implied authorization to do so. However, there is not enough evidence before the court to determine (1) the extent of the defendant's alleged assistance during the course of the actual operation, (2) whether the defendant properly performed the tasks associated with assisting in an operation, (3) whether the defendant assumed a role in discussing the procedure with the plaintiff, and (4) whether the defendant, in his capacity as "assisting" physician, was required to participate in obtaining the plaintiff's consent. Therefore, the defendant's motion to strike the second count of the plaintiff's complaint is denied.
Stodolink, J.