[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 112
This matter comes before the court on plaintiff's motion to CT Page 4737 strike the defendant's second special defense alleging the principal employer defense.
On March 3, 1993, the plaintiff, Richard Fattibene, filed a complaint seeking damages arising out of a "slip and fall" incident occurring within the premises of the defendant, Stop 
Shop Companies, Inc.
The plaintiff alleges in a single count that after entering the defendant's premises on September 1, 1992, he suddenly slipped in a puddle of water and fell to the floor. The plaintiff alleges that he sustained various personal injuries as a result of the foregoing incident. He further alleges that the defendant was negligent in, inter alia, breaching a duty owed to the plaintiff to maintain reasonable safe premises.
On September 3, 1993, the plaintiff's immediate employer, RJR Nabisco, Inc. ("RJR"), filed a motion to intervene as a co-plaintiff, alleging that it has paid workers' compensation benefits on behalf of the plaintiff. Thereafter, on January 10, 1994, the defendant filed a motion to implead Herbert Construction Co., Inc. ("Herbert") as a third-party defendant, alleging that Herbert is bound by a contractual obligation to indemnify the defendant as a result of Herbert's performing construction work on a portion of the roof through which, the defendant alleges, the water on which the plaintiff slipped permeated. The motion to implead was granted.
On October 24, 1994, the defendant filed a counterclaim against RJR, alleging that at the time the plaintiff sustained the injuries complained of, he was in the process of stocking shelves in his capacity of an employee of RJR. The defendant further alleges in its counterclaim that pursuant to an agreement, RJR agreed that it would obtain insurance coverage to protect and indemnify the defendant from any claims of RJR employees. The defendant alleges that the "agreement to indemnify included bodily injury or property damage arising out of the demonstration, installation, servicing or repair operations . . . performed on the premises of . . . [the defendant] in connection with the sale of the product." The defendant claims that since the injuries allegedly sustained by the plaintiff occurred during his employment with RJR and in connection with the servicing, demonstration and display of an RJR product, RJR is obligated to indemnify and hold harmless the defendant for any injury allegedly suffered by the plaintiff. CT Page 4738
Also, on October 24, 1994, the defendant filed an answer. By way of two special defenses, the defendant alleges that (1) the plaintiff was contributorily negligent, and (2) the plaintiff's action is barred by the principal employer defense.
On October 26, 1994, the plaintiff filed a motion to strike the defendant's second special defense.[1] The defendant filed a memorandum of law in opposition to the plaintiff's motion. Thereafter, the plaintiff filed a memorandum of law in response to the defendant's opposition memorandum.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). A motion to strike can also be used to challenge the "legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein. . . ." Practice Book, Sec. 152. In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and Paul SigelHebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132
(Super Ct., 1983), 471 A.2d 679 (1983). The motion "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachosv. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985).
General Statutes, Sec. 31-291 provides as follows:
 When any principal employer procures any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, on or about premises under his control, such principal employer shall be liable to pay all compensation under this chapter [Workers' Compensation Act] to the same extent as if the work were done without the intervention of such contractor or subcontractor. The provisions of this section shall not extend immunity to any principal employer from a civil action brought by an injured employee or his dependent under the provisions of section 31-293 to recover damages resulting from personal injury or wrongful death occurring on or after May 28, 1988, unless such principal employer has paid compensation benefits under this chapter to such injured employee or his CT Page 4739 dependent for the injury or death which is the subject of the action.
In Alpha Crane Service, Inc. v. Capitol Crane Co., 6 Conn. App. 60,72, 504 A.2d 1376, cert. denied, 199 Conn. 808, 508 A.2d 769 (1986), the court noted:
 The principal employer defense requires that three elements must be satisfied: (1) The relation of principal employer and contractor must exist in work wholly or in part for the former; (2) the work must be on or about premises controlled by the principal employer; and (3) the work must be a part or process in the trade or business of the principal employer.
In its opposition memorandum, the defendant postulates that based on the circumstances of this case, it has sufficiently alleged in its second special defense the three elements of the principal employer rule, and the only available remedy to the plaintiff is pursuant to the Workers' Compensation Act.
In response, the plaintiff counters that the defendant's second special defense is legally insufficient for it fails to allege "that a contract or subcontract existed by which the plaintiff's employer, RJR Nabisco, became obligated to Defendant Stop and Shop to perform the services or engage in the activities that Plaintiff was performing." The plaintiff argues that the defendant's failure to allege such a relationship forecloses it from defending this action on that basis.
The defendant's second special defense alleges that:
 At the time of the incident complained of in the Complaint, the plaintiff was an employee of RJR Nabisco, Inc., and was acting in the course of his employment putting product[s] of his employer on shelves at the Stop Shop located [at] 1780 Post Road East, Westport, Connecticut.
 The work being performed by the plaintiff was part of the process of the trade or business of The Stop Shop Companies, Inc., in connection with the stocking of shelves for sale to Stop Shop customers.
 The incident occurred on the premises of The Stop Shop Companies, Inc., and occurred while the plaintiff was in CT Page 4740 the process of bringing goods to be placed on the shelves from the back storeroom.
 The Stop Shop Companies, Inc., obtained Workers' Compensation insurance for the plaintiff through his employer, RJR Nabisco, Inc., as an additional insured under Policy No. 3CL947420-00 with effective dates from January 1, 1992, to January 1, 1995.
 The plaintiff has received Workers' Compensation for the injury alleged in the Complaint and it is the sole and exclusive remedy precluding any action against The Stop Shop Companies, Inc.
(Defendant's Answer and Special Defense dated October 21, 1994, pars. 1-5.)
Each element of the principal employer defense "ordinarily constitutes a question of fact to be determined by the jury."Alpha Crane Service, Inc. v. Capitol Crane, Co., supra,6 Conn. App. 72. Whether the determination as to the relationship between the defendant and RJR existed, that would permit the defendant to invoke the principal employer defense, is a factual determination, and the plaintiff's motion to strike should be denied.
In order to invoke the principal employer defense, the trier must factually determine the nature of the relationship.
Accordingly, the plaintiff's motion to strike is denied.
Mihalakos, J.