[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 117
On June 22, 1994, the plaintiff, Paul Pettit, filed a complaint seeking to recover the principal amount of a promissory note.
The complaint alleges that on September 15, 1986, Robert G. Gross, Carol A. Dellebovi Gross, and Donald L. St. John, Jr. executed a promissory note wherein they agreed to pay the plaintiff the principal amount of $90,000. To partially guarantee payment of the referenced note, the complaint alleges that both Leonard A. Berry ("Berry") and Kenneth A Krieger ("Krieger") mortgaged to the plaintiff certain condominium units located in Danbury, Connecticut. The complaint alleges that despite making demand upon the defendants, the principal amount of the note, plus interest, remains outstanding.
On January 13, 1995, the Grosses, St. John and Krieger ("defendants") filed revised first special defense alleging the following:
 In the matter of Brookside of Danbury Association, Inc. vs. Kenneth A. Krieger, a/k/a Kenneth A. Kreiger, et al., docket number CV-91-0306601-S, in the Judicial District of Danbury, at Danbury, on January 27, 1992, Brookside of Danbury Association, Inc., obtained a Judgment of Foreclosure.
 Said Judgment provided therein that the various mortgage holders, including the plaintiff in this matter, Paul G. Pettit, have law days which constituted rights of redemption.
 On February 27, 1992, that being the date upon which the plaintiff, Paul G. Pettit, had the right to redeem, did, in fact, redeem CT Page 7148 and obtained a Satisfaction of Judgment.
 The redemption by the plaintiff, Paul G. Pettit, and the subsequent failure, within 30 days of redemption, to move for a deficiency judgment as set forth in Title 49, Section 14 of the C.G.S.A., barred the plaintiff Pettit from any further action on the note.
On February 14, 1995, the plaintiff filed a motion to strike the revised first special defense "for the reason that it fails to state a . . . [claim] upon which relief may be granted."[1]
The plaintiff has filed a memorandum of law in support of his motion.[2]
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and PaulSigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129,132, 471 A.2d 679 (Super.Ct. 1983). The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachosv. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Id. A motion to strike is the proper procedural vehicle to challenge the legal sufficiency of any special defense. Practice Book, Sec. 152.
The plaintiff argues in his supporting memorandum that he is not precluded by section 49-14 from any independent action on the underlying obligation because he was not the foreclosing "encumbrancer" in the Brookside v. Krieger action. However, the plaintiff, while directing the court's attention to a copy of his satisfaction of judgment from that action, has not attached same. Therefore, the plaintiff has alleged affirmative matter that makes his motion the equivalent of a speaking motion to strike, which the court cannot consider. See Connecticut State Oil v.Carbone, 36 Conn. Sup. 181, 182-83 (Super.Ct. 1979).
Based on the foregoing, the plaintiff's motion to strike is denied.
Stodolink, J. CT Page 7149