[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 125
On February 10, 1995, the plaintiff, Nancy Burton, filed a second revised complaint seeking, inter alia, damages arising out of the institution and prosecution of a prior action in which she was involved.
The first count is directed against Attorney Joseph Dimyan ("Dimyan") and alleges vexatious prosecution pursuant to General Statutes, Sec. 52-568. The plaintiff alleges that Dimyan instituted and prosecuted a prior action against her "without probable cause and with a malicious intent unjustly to vex and trouble" her, and that the prior action was terminated in her favor.[1]
The second and third counts, which are also directed against Dimyan, have incorporated the first count in its entirety and further allege actions sounding in "Common Law Vexatious Prosecution" and abuse of process, respectively.
The fourth count is also directed at Dimyan and incorporates the first count in its entirety. The fourth count alleges that "[b]y such conduct, the named Defendant abused legal process to accomplish an improper purpose, namely, to harass and vex the Plaintiff."[2]
The plaintiff's revised complaint also alleges the same claims, in the same order, against the law firm of Pinney, Payne, Van Lenten, Burrell, Wolfe and Dillman ("Pinney"), Dimyan's employer.
On March 28, 1995, Dimyan and Pinney ("defendants") filed a motion to strike the "two count fours" alleged against both parties on the ground of legal insufficiency.[3] The defendants initially maintain that the counts should be stricken because a key element in setting forth a CUTPA claim — a consumer relationship — did not exist between the defendants and the plaintiff. Furthermore, the defendants opine that a CUTPA claim cannot be brought against them based on their prior representation of the plaintiff's opponent in the prior action, citing the case of Jackson v. R.G. Whipple, Inc., 225 Conn. 705,627 A.2d 374 (1993), as authority for that proposition. CT Page 7555
The defendants have filed a memorandum of law in support of their motion to strike. The plaintiff has filed a memorandum of law in opposition.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and PaulSigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129,132, 471 A.2d 679 (Super.Ct. 1983). The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachosv. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Id.
"CUTPA provides that `[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.'" (Citation omitted.)Normand loser Enterprises v. Connecticut National Bank, 230 Conn. 486,509, ___ A.2d ___ (1994); and the entire chapter must be liberally construed. Id.
In their supporting memorandum, the defendants maintain thatJackson v. R. G. Whipple, Inc., supra, 225 Conn. 705 held that a CUTPA claim could not be maintained by a plaintiff against an attorney predicated upon that attorney's prior representation of the plaintiff's opponents in a separate matter. Therefore, the defendants postulate that since the plaintiff has brought a CUTPA claim against the defendants for their representation of the plaintiff's opponent in a prior action, her CUTPA claims must be stricken.
The plaintiff counters in her opposition memorandum that since Connecticut General Statutes, Sec. 42-110b et seq.,
provides "`any person' who alleges harm pursuant to section42-110b to institute an action for damages in the Superior Court," and since she is a "person," she "has standing to prosecute" those counts that set forth a CUTPA cause of action.
With regard to the defendants' argument that the plaintiff's CUTPA counts should be stricken because no consumer relationship existed between the parties, "the application of CUTPA does not depend upon a consumer relationship"; Larsen Chelsey Realty Co.CT Page 7556v. Larsen, 232 Conn. 480, 496, ___ A.2d ___ (1995); and it is an error to hold that a violation of CUTPA can only arise from such a "relationship. " Id. Therefore, the defendants' first argument is not supported by case law and is therefore not persuasive for purposes of this motion. However, that the defendants' contention that a CUTPA claim cannot lie against them because of their prior representation of the plaintiff's opponent in the former action, is supported by case
In Jackson v. R.G. Whipple, Inc., supra, 225 Conn. 707, the plaintiff argued that her opponent's attorney, Moukawsher, was liable to her pursuant to CUTPA for the damages Moukawsher allegedly caused to the plaintiff's mobile home during Moukawsher's representation of his client in various aspects of eviction and collection actions. The court in Jackson stated that "[i]mposing liability under CUTPA on attorneys for their representation of a party opponent in litigation would not comport with a lawyer's duty of undivided loyalty to his or her client. This consideration compels a conclusion that the trial court properly determined that the plaintiff did not have the requisite relationship with Moukawsher to allow her to bring suit against him under . . . CUTPA." Id., 729. Moreover, this aspect of the Jackson opinion was revisited in Larsen Chelsey Realty Co.v. Larsen, supra, 232 Conn., where the court reiterated the narrowness of the Jackson holding, emphasizing that "'in a situation where a party to a lawsuit sues the adversary's lawyer, CUTPA does not provide a private cause of action."' Id., 496, quoting Jackson v. R.G. Whipple, Inc., supra, 225 Conn. 726 n. 15. The court in Larsen then paraphrased the Jackson holding as follows: "In other words, we declined to recognize the right of that client's opponent to sue the attorney under CUTPA on the basis of the professional services the attorney had rendered for the client." Id., 496.
Since the plaintiff's CUTPA claims are predicated upon the defendants' prior representation of the plaintiff's opponent in a prior action, the defendants' motion to strike the fourth count that is directed to Dimyan, and the additional fourth count that is directed to Pinney, is granted.
Stodolink, J.