[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
 1. Facts
The plaintiff filed a complaint dated February 12, 1999 for personal injury sustained as a result of a motor vehicle accident which took place in March of 1998. On that date, the plaintiff, along with his fiancee, Alison Camuse, were pedestrians on South Main Street in East Granby. They were hit by a vehicle operated by the defendant. Ms. Camuse was killed as a result of the accident.
At the time of the accident, Mr. Miller and Ms. Camuse resided together and were engaged to be married.
Counts Three and Four of the plaintiffs complaint alleges claims for bystander emotional distress for the negligence of the defendant in causing the death of his fiancee, Alison Camuse.
 Issue
In alleging that the plaintiff and the decedent were residing together and engaged to be married, has the plaintiff alleged sufficient facts to maintain a cause of action based upon bystander emotional distress.
 Decision and Discussion
This motion to strike tests the legal sufficiency of the complaint. The Court's inquiry is whether the allegations, if proved, state a cause of action. Levine vs. Sigelo Hebrew Academyof Greater Hartford, 39 Conn. Sup. 129, 132 (1983). This Court holds that in applying the standards set forth by the Supreme Court in Clohessy v. Bachelor, 237 Conn. 31 (1996), the relationship between cohabitating fiancees is sufficiently closely related to state a cause of action.
In Clohessy, bystander emotional distress was recognized as a cause of action in Connecticut. The Supreme Court set forth a four part test. First, the bystander must be closely related to the injury victim. Second, the bystanders emotional injury must be caused by "contemporaneous sensory perception of the event. . . ." Third, the injury to the victim "must be substantial resulting in either death or serious physical injury." Finally, the bystander must have sustained a serious emotional injury that is "a reaction beyond that which would be CT Page 14031 anticipated in a disinterested witness and which is not an abnormal response to the circumstances."
In the instant case defense counsel has candidly conceded that the matter at issue satisfies the second, third and fourth prong of the Clohessy test. This dispute concerns whether or not the first prong, "closely related" is satisfied.
Clohessy concerned a mother and her son who witnessed an accident concerning a second son. Clohessy therefore established that a mother and a brother were sufficiently "closely related" when otherwise complying with its four prong test to state a cause of action.
In Clohessy the court stated
 ". . . the relationship of a parent and a sibling to the victim satisfies this condition. `The class of potential plaintiffs should be limited to those who because of their relationship suffer the greatest emotional distress. When the right to recover is limited in this manner, the liability bears a reasonable relationship to the culpability of the negligent defendant.' [citation omitted.] This court has previously recognized the importance of such a relationship within the framework of our tort law . . . . We leave to another day the question of what other relationships may qualify." [Emphasis added.]
The Court does not find that "closely related" exclusively means relationship by blood or marriage. The word "relation" is defined in Black's Law Dictionary, 6th Edition, as
 "(t)he connection of two persons, or their situation with respect to each other, who are associated, whether by law, by their own agreement or by kinship in some social status or union for the purpose of domestic life . . ."
This Court is aware that in Clohessy the Supreme Court expressed concern about how wide it was opening the flood gates of emotional bystander litigation. It attempted to put meaningful limitations on the cause of action with its four prong test.
In New Jersey the relationship prong of the emotional bystander test was whether "a marital or intimate, family relationship between the plaintiff and the injured person" existed. Dumphy vs. Gregor, 642 A. 2nd 372 (N.J. 1994). While the CT Page 14032 Court acknowledges that the Connecticut and New Jersey relationship prongs are slightly different, the Court is still struck by the following language from the New Jersey Supreme Court in Dumphy.
 "Foreseeability based upon that standard, as recognized by the Appellate Division majority, preserves the distinction that must be made between ordinary emotional injuries that would be experienced by friends and relatives in general and those `indelibly stunning' emotional injuries suffered by one whose relationship with the victim at the time of the injury is deep, lasting, and genuinely intimate. [citations omitted.] Persons engaged to be married and living together may forseeably fall into the category of relationship. Given the widespread reality and acceptance of unmarried cohabitation, a reasonable person would not find the plaintiffs emotional trauma to be remote and unexpected". Dumphy at 377.
The Court is convinced that the relationship between an engaged couple residing together is one of the "other relationships" which would qualify if reviewed by the Supreme Court.
For the reasons stated above, the Motion to Strike is denied. By,
Kevin E. Booth, J.