[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 22, 1997, the minor plaintiff, Maria Barros, filed an action by and through her mother, Antilia Barros, alleging that she sustained serious personal injuries as a result of the negligent conduct of the defendant Pedro LaPonte, who was driving CT Page 10262 a car that had been leased from the defendant Avis Rent a Car System, Inc. (Avis).
On August 19, 1997, Avis filed a motion to strike and a memorandum in support. Avis moves on the ground that "said Complaint fails to allege facts sufficient to support any claim of liability as against Avis Rent A Car Systems, Inc."
On September 4, 1997, Barros filed an objection to the motion with a memorandum in support. Barros argues that the plaintiff's "complaint does allege facts sufficient to support a cause of action against this defendant [Avis]."
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . ." (Citation omitted; internal quotation marks omitted.) Waters v. Autuori,236 Conn. 820, 825-26, 676 A.2d 357 (1996). The motion to strike is the proper means of attacking a pleading that on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted. Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "In judging a motion to strike . . . it is of no moment that the plaintiff may not be able to prove [her] allegations at trial . . . The sole inquiry at this stage is whether the plaintiff's allegations, if proved, state a cause of action." (Citation omitted; internal quotation marks omitted.)Levine v. Bess and Paul Sigel Hebrew Academy of Greater Hartford,Inc., 39 Conn. Sup. 129, 132, 471 A.2d 679 (1983).
Barros argues that Avis is liable pursuant to General Statutes § 14-154a, entitled, "Liability of owner for damage caused by rented or leased car," which provides: "Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner."
Avis argues that the complaint against them makes a "broad, unsupported allegation that Mr. Aponte [sic] was operating the vehicle within the purview of a lease and with the express CT Page 10263 permission of Avis. No facts are asserted in the Complaint which support this allegation. Furthermore, plaintiff fails to annex to the Complaint, a copy of the purported lease."
In Pedevillano v. Bryon, 231 Conn. 265, 268, 648 A.2d 873
(1994), the court noted: "We have consistently construed the statute [14-154a] as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of thecontract of rental."
In the present case, Barros has alleged in her complaint that "Pedro LaPonte was operating the motor vehicle owned by the defendant, Avis Rent A Car with their express permission and within the purview of the lease." Practice Book § 108 states that "[e]ach pleading shall contain a plain and concise statement of the material facts on which the pleader relies, but not of the evidence by which they are to be proved . . ." In construing the facts pleaded in the plaintiff's favor; see Waters v. Autuori,
supra; the plaintiff has stated sufficient facts to support a claim of liability against Avis under § 14-154a, for it is of no moment at this stage of the proceedings that the plaintiff may not be able to prove the existence of the lease or Avis's liability under such lease. See Levine v. Bess and Paul SigelHebrew Academy of Greater Hartford, Inc., supra. Therefore the defendant Avis's motion to strike is denied.
Howard F. Zoarski Judge Trial Referee